UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALPINE GLASS, INC.,                                CIVIL NO. 09-3492 (PAM/JSM)

      Plaintiff,

v.                                      REPORT AND RECOMMENDATION

COUNTRY MUTUAL INSURANCE CO. et al.,

      Defendants.

The above matter came on before the undersigned on upon the Plaintiff's Motion and Renewed Motion to Consolidate Invoices for Arbitration [Docket Nos. 3, 31].

Charles J. Lloyd, Esq. appeared on behalf of plaintiff. Jeanne H. Unger, Esq. appeared on behalf of defendants.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.    PROCEDURAL BACKGROUND

Plaintiff Alpine Glass, Inc. ("Alpine"), initiated this action on November 5, 2009, for the purpose of asserting its claim that defendant Country Mutual Insurance Company, Inc. ("Country Mutual") was liable for the underpayment of 482 automotive glass claims from September 2, 2003 to September 30, 2009. See Complaint for Declaratory Relief [Docket No. 1-1]. This case was removed from state district court. According to the Complaint, the only issue before the Court was whether Alpine should be allowed to consolidate for arbitration the individual automotive glass claims pertaining to each individual insured. Id., ¶ 16.

Upon filing the Complaint, Alpine brought a motion to consolidate the 482 automotive glass claims for arbitration.  See Docket No. 3.  Country Mutual opposed the motion and sought a stay arguing, in part, that the 482 glass claims were made under the insurance polices of six separate insurance companies, not just Country Mutual's policies.  See Docket No. 11.  On January 19, 2010, this Court issued an Order staying the motion to consolidate until March 1, 2010, and giving Alpine until January 29, 2010 to serve and file an amended complaint adding all of the insurance companies that bore on the automotive glass claims at issue.  See January 19, 2010 Order [Docket No. 19]. On January 28, 2010, Alpine served its Amended Complaint for Declaratory Relief with the following named defendants: Country Mutual Insurance Company, Country Preferred Insurance Company, County Casualty Insurance Company, MSI Preferred Insurance Company, Mutual Service Casualty Insurance Company, and Modern Service Insurance Company.  See Docket No. 21.

Similar to the original Complaint, the only issue before the Court in the Amended Complaint for Declaratory Relief is whether Alpine should be allowed to consolidate for arbitration the individual claims pertaining to each individual insured.  Id., ¶ 17.  In response to the Amended Complaint, all defendants pled a number of affirmative defenses including a statute of limitations defense and a defense that the claims were barred "by the terms, conditions, limits and provisions of the individual insurance policies at issue."  See Docket Nos. 24 (Defendants Country Mutual Insurance Company, Country Preferred Insurance Company, and Country Casualty Insurance Company's Answer), 25 (Defendants MSI Preferred Insurance Company and Modern Service Insurance Company's Answer).

On May 4, 2010, Alpine filed its Renewed Motion to Consolidate Invoices for Arbitration [Docket No. 31].

## II. FACTUAL BACKGROUND

Alpine is a corporation engaged in the business of automobile glass repair and replacement. The price for the replacement of auto glass is typically comprised of the glass, the adhesive, the labor, and if necessary, molding or clips. See Declaration of Mike Reid ("Reid Decl.") [Docket No. 7], ¶ 6. Automobile glass companies and insurance companies use a publication referred to as the "NAGS" price list as a starting point for pricing glass replacement, as well as the standard labor times for the replacement of glass. Id., ¶¶ 7-8, 10-11.

When Alpine completes a replacement service for automobile glass, it receives an assignment of the insured's proceeds owed for the glass service and then submits an invoice to the insurance company based on Alpine's formula using the NAGS price list. Id., ¶ 4. The insurance company utilizes its own formula based on the NAGS price list and issues a check to Alpine, which as it relates to the claims in this case, was below what Alpine had requested. Id. The 482 glass claims involving such "shortfalls" are the subject of this case, and are the claims which Alpine seeks to consolidate into one arbitration. The claims are based on payments ranging in date from September 2, 2003 through September 30, 2009. See Complaint for Declaratory Relief, Ex. A.[1] Of those claims, approximately 329 claims deal with insurance policies issued by Country Mutual, Country Preferred Insurance Company or Country Casualty Insurance

---

[1] The Amended Complaint for Declaratory Relief referenced an "Exhibit A" that contained a listing of those claims for which defendants failed to pay Alpine the amount billed by Alpine. The exhibit was not attached to the Amended Complaint for Declaratory Relief.

Company ("Country Policies"). These Country Policies contain the following language in these policies.[2]

> **SECTION 4 –**
> **PHYSICAL DAMAGE INSURANCE**
> **Comprehensive, Coverage D**
> **Collision, Coverage F**
> **Conditions, Section 4**
>
> In addition to the following conditions, all General Policy Conditions listed at the back of this policy also apply to Section 4.
>
> * * *
>
> 8. Legal Action Against Us. <u>No suit or action</u> for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy. Further, <u>any suit or action</u> under Section 4 of his policy <u>must be commenced within 24 months after the occurrence of the loss</u>. The 24-month period will be extended by the number of days between the date the proof of loss is filed and the date the claim is denied in whole or in part.

<u>See</u> Affidavit of Steve Ruzek [Docket No. 14], Ex. A, at 12-16 (Country Mutual Insurance Policy) (emphasis added); <u>see also</u> Defendants' Memorandum of Law in Opposition to Plaintiff's Motion Consolidate ("Defs.' Mem.") [Docket No. 37] at p. 7.

### III. ANALYSIS

Alpine seeks an order consolidating all 482 glass claims involving "shortfalls" into a single arbitration. Defendants are not arguing that the "shortfall" claims are not arbitral, nor are they contesting the ultimate consolidation of the multiple glass claims. Instead, defendants have represented that they "oppose consolidation on the basis that (1) dispositive legal determinations regarding the application of the two-year limitation

---

[2] Apparently, the policies issued by defendants, other than Country Mutual, Country Preferred Insurance Company or Country Casualty Insurance Company, do not contain this language.

4

provision and statute of limitations preclude arbitration at this time, and (2) consolidation and arbitration prior to such determinations are made will result in needless multiplication of litigation and prejudice to defendants." See Defs.' Mem. at p. 4.

Defendants claimed that 329 out of the 482 claims were asserted under the Country Policies, which contain a two-year limitation period on suits against the insurer. Id. at p. 7. In addition, defendants asserted that additional claims would be barred pursuant to a six-year statute of limitations. Id. at pp. 6-7. According to defendants, these defenses present legal and coverage issues which must first be resolved by the Court prior to consolidation to the arbitrator. Id. at pp. 6-11. Defendants argued that these questions of law should be presented via a dispositive motion to District Judge Paul A. Magnuson and in accordance with briefing schedule and page limits governing dispositive motions. Id. at p. 12.

Alpine disagreed, contending that the two-year contractual limitation period did not apply to the claims at issue, as the limitations on "suit or action," as set forth in the contractual limitations provision of the Country Policies, applied to traditional judicial proceedings and not to arbitration. See Memorandum of Law in Support of Plaintiff's Renewed Motion to Consolidate Invoices for Arbitration ("Pl.'s Mem.") [Docket No. 33] at p. 6 (citing Vaubel Farms, Inc. v. Shelby Farmers Mutual, 679 N.W.2d 407, 411 (Minn. Ct. App. 2004); Juetten v. LCA-Vision, Inc., 777 N.W.2d 772 (Minn. Ct. App. 2010)). As to the six-year statute of limitations issue, Alpine argued it has not run because it accrued from date of demand for arbitration. Id. at p. 8.[3] Alpine also maintained the

---

[3] At the hearing, Alpine's counsel admitted that this was not an argument that would likely prevail, and that the more likely outcome was that it would be determined

two-year contractual limitation and six-year statute of limitations issues are not a coverage disputes because defendants had already paid the claims, and therefore, admitted coverage.  According to Alpine, the issues for arbitration are whether defendants owe Alpine more money and whether Alpine's claims for more money are barred by the two-year contractual limitation period or the six-year statute of limitations, and these matters could and should be addressed in the arbitration proceeding.

Glass service claims that have been assigned from an insured to automotive glass providers, like Alpine, are subject to no-fault arbitration after assignment under the Minnesota No-Fault Act.  See Illinois Farmers Ins. Co. v. Glass Service Co., 683 N.W.2d 792, 805 (Minn. 2004) (citing Minn. Stat. § 65B.525).  One of the goals of the Minnesota No Fault Act is to accelerate the administration of justice, ease the burden of litigation on the courts, and lessen the expense of and simplify litigation.  Id., at 806 citing Minn. Stat. § 65B.42.  Consistent with this goal, multiple arbitration claims based on assignments may be consolidated into one arbitration proceeding.  Id. at 806.

"When deciding whether to order consolidation, courts should consider the efficiencies of consolidation, the danger of inconsistent judgments if disputes are arbitrated separately, and the prejudice that parties may suffer as a result of consolidation."  Id. at 806-07 (citation omitted).

### A. Coverage Issue

As a starting point, this Court finds that the determination of whether Alpine's claims for more money are barred by the two-year contractual limitation period or the six-year statute of limitations is not a question of coverage that must be decided by the

---

that the six-year statute of limitations ran from the date of payment by defendants to Alpine – i.e., the date shortfall payment occurred.

Court. In this case, defendants have already accepted coverage for the 482 glass claims and the only questions that remain are whether defendants paid Alpine enough on the claims and whether Alpine's claims on the shortfalls were brought in a timely manner. Defendants' reliance on <u>Costello v. Aetna Casualty</u>, 472 N.W.2d 324 (Minn. 1991), <u>AMCO Ins. Co. v. Ashwood-Ames</u>, 534 N.W.2d 740 (Minn. Ct. App. 1995) and <u>Alpine Glass, Inc. v. Illinois Farmers Ins. Co.</u>, 695 F. Supp.2d 909 (D. Minn. 2010) in support of their position that the limitations issues were coverage issues that needed to be determined by a court, is misplaced. <u>See</u> Defs.' Mem. at pp. 7-9. In <u>Costello</u>, the insured argued that he had a contractual right to arbitrate the amount of damages he was entitled to underinsured motorist coverage. 472 N.W.2d at 326. However, there was still an issue of whether the insured's injury was caused by an underinsured motor vehicle, which turned on whether the insured's damages were greater than the insured's bodily injury liability coverage. <u>Id.</u> The court concluded that these issues went to whether the insured was entitled to bodily injury liability coverage under the underinsured motorist policy, which was an issue for the court to decide. <u>Id.</u> (citation omitted).

In <u>AMCO</u>, the insurance company appealed the trial court's confirmation of a no-fault arbitrator's decision to allow benefits to the insured, on grounds that the trial court improperly deferred to the arbitrator's decision that an accident had occurred. 534 N.W.2d at 740. Given that the occurrence of an "accident" triggered liability under the insurance policy, and there was a dispute as to whether an accident had occurred for the purposes of the policy, the court found that there were legal and coverage issues

that should have been decided by the trial court and not the no-fault arbitrator. Id. at 741-42.

In Alpine Glass, Inc., the court noted that there was a factual question as to whether the 91 insureds had executed assignments to the glass servicing company. 695 F. Supp.2d at 921. Thus, given the alleged lack of an assignment from the insureds, there was a factual question as to whether the glass servicing company had the right to compel arbitration, which was for the Court to decide. Id.

Both Costello and AMCO are distinguishable from the present case, as those cases dealt with a denial of coverage that is not at issue here. As to Alpine Glass, Inc., on the one hand, the court found that the factual question of whether the 91 insureds executed assignments did not go to the existence of coverage; yet reasoning by analogy to Costello, went on to conclude there was a coverage dispute, which should be decided by the court, where the insurer was claiming that Alpine had received no assignments from the 91 insureds.

Here, defendants do not contend that they owed Alpine anything – indeed, they have already paid Alpine some amount on each of the claims. Instead, defendants are disputing whether Alpine has timely pursued its shortfall claims on behalf of certain insureds and whether it owes anything more to Alpine. In short, the issue is not whether Alpine is entitled to coverage or to have its claims heard by an arbitrator, but rather whether Alpine has any recourse for more money on some claims based on the two-year contractual limitation period or the six-year statute of limitations.

Having determined this suit does not present a coverage dispute, the Court rejects defendants' argument that the determination of the application of the two-year

contractual limitation period or the six-year statute of limitations must be made by the Court on that basis.

B. **Questions of Law**

"The construction and applicability of statutes of limitations are questions of law." Noske v. Friedberg, 670 N.W.2d 740, 742 (Minn. 2003). Similarly, interpretation and construction of an insurance contract is [ ] a question of law." Watson v. United Services Auto. Ass'n, 566 N.W.2d 683, 688 (Minn. 1997) (citing Meister v. Western Nat. Mut. Ins. Co., 479 N.W.2d 372, 376 (Minn. 1992)). However, while it is true that questions of law are ultimately to be decided by the court, there is nothing in the case law that requires that the court decide these issues first.

For example, Minnesota Rule of Arbitration 5(f) expressly contemplates that affirmative defenses can be raised in the arbitration proceeding:

> Within 30 days after receipt of the itemization of benefits claimed and supporting documentation from claimant, respondent shall serve a response to the petition setting forth all grounds upon which the claim is denied and accompanied by all documents supporting denial of the benefits claimed.

See Minn. R. Proc. For No-Fault Arbitration 5(f), http://www.adr.org/sp.asp?id=22089#Rule 5.

Further, Benigini v. County of St. Louis, 585 N.W. 2d 51, 54 (Minn. 1998) and Noske v. Friedberg, 670 N.W. 2d 740, 743 (Minn. 2003), cases cited by defendants for the proposition that the statute of limitations defense is a questions of law which must be decided by the court, (see Defs.' Mem. at p. 11), do not go so far as to require that courts must decide limitations defenses before a dispute goes to arbitration. To the contrary, the Minnesota Supreme Court has made it clear that arbitrators can decide

9

legal questions, subject to a court's de novo review. See, e.g., Weaver v. State Farm Ins. Companies, 609 N.W.2d 878, 882 (Minn. 2000); see also Great West Cas. Co. v. State Farm Mut. Auto. Ins. Co., 590 N.W.2d 675, 677 (Minn. Ct. App. 1999). These cases do not hold that a legal issue must in the first instance be decided by the court. Even District Judge Patrick J. Schlitz, who found that it would have been a better practice for him to have first decided the legal issue of which endorsement applied to the shortfall claims, recognized that "'there is no per se requirement under Minnesota No-Fault Act that courts resolve any legal issues before ordering arbitration.'" Alpine Glass, Inc., 695 F. Supp.2d at 917 (quoting Alpine Glass, Inc. v. Ill. Farmers Ins. Co., 531 F.3d 679, 683 n. 4 (8th Cir. 2008)).

Nevertheless, the Court concludes, as did Judge Schlitz, that the optimum course of action and the most expeditious manner for resolving whether the six-year statute of limitations or the two-year contractual limitation provision contained in the Country Policies bars any of the 482 assigned glass claims, is to have the district court decide these questions of law prior to consolidating for arbitration those claims that survive these legal challenges. The issue of whether a "suit or action," as set forth in the contractual limitations provision of the Country Policies, applies to traditional judicial proceedings and not to arbitration, solely rests on an interpretation of the insurance policies at issue and requires no factual development. Likewise, the issue of when a cause of action accrues for the purpose of determining when the six-year statute of limitations begins to run is a question of law, and it too needs no factual development.[4]

---

[4] As a practical matter, the Court questions whether there is even a legal issue to resolve on the six-year statute of limitations. While Alpine argued in its brief that the six-year statute of limitations has not run because it accrued from date of demand for

10

Oganov v. American Family Ins. Group, 767 N.W.2d 21, 24 (Minn. 2009) ("The date a claim accrues and the statute of limitations begins to run is a question of law that we review de novo.") (citing Benigni, 585 N.W.2d at 54). The Court sees no benefit to having the parties present all of the facts surrounding 482 potential claims to the arbitrator when some or many of these claims may not survive the legal challenges raised by defendants. In sum, requiring the parties to submit these legal determinations first to the arbitrator, and then again to the district court for a de novo review if any party disagrees with the decision of the arbitrator, serves neither to expedite the process, nor to conserve the resources of the parties and the courts. Whether the two-year contractual limitation or the six-year statute of limitations bars any of Alpines' claims should be addressed first by the district court via a dispositive motion[5] and before consolidation of any remaining claims for arbitration takes place and the matter proceeds in accordance with the Minnesota No-fault Act. Accordingly, this Court recommends that Alpine's motion for consolidation be denied at this time.

---

arbitration (see Pl.'s Mem. at p. 8), Alpine's counsel virtually conceded at the hearing that this is an argument that he would most likely lose, and that the more likely outcome was that it will be determined that the six-year statute of limitations ran from date of payment by defendants to Alpine — i.e. the date shortfall payment occurred.

[5] To the extent that Alpine was seeking a ruling from this Court on the applicability to its claims of the two-year contractual limitation and six-year statute of limitations in its motion to consolidate, the Court rejects such an "invitation." The proper method for addressing the viability of these defenses is to submit them to Federal District Judge Paul A. Magnuson as a motion for summary judgment by defendants or via a motion by Alpine to strike defendants' affirmative defenses prior to consolidation for arbitration.

## RECOMMENDATION

For the reasons set forth above, it is recommended that:

Plaintiff's Motion and Renewed Motion to Consolidate Invoices for Arbitration [Docket Nos. 3, 31] should be **DENIED**.

Dated:    August 9, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 23, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **August 23, 2010**.