UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alpine Glass, Inc.,            Civil No. 09-3492 (PAM/JSM)

Plaintiff,

v.            **MEMORANDUM AND ORDER**

Country Mutual Insurance Company,
MSI Preferred Insurance Company,
Mutual Service Insurance Company,
Modern Service Insurance Company,
Country Preferred Insurance Company,
and Country Casualty Insurance Company,

Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated August 9, 2010. Plaintiff Alpine Glass, Inc. has filed objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

This case involves alleged underpayment for automobile glass repairs. Alpine contends that the Defendant insurance companies did not pay the entire amount they should have paid for Alpine's repairs to Defendants' insureds' cars. One of Defendants' affirmative defenses is that the relevant limitations period, either the 24-month period contained in some

of the insurance contracts or Minnesota's six-year statute of limitations, bars the majority of Alpine's claims. According to Defendants, of the 482 claims Alpine has submitted, 329 (or 68%) are untimely.

Minnesota's No-Fault Act requires that disputes such as the alleged underpayment of insurance claims be submitted to arbitration. Minn. Stat. § 65B.42; Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 805 (Minn. 2004) (holding that claims by glass service companies against insurers are subject to mandatory arbitration provisions of No-Fault Act). As Alpine points out, the purpose of the No-Fault Act is to "speed the administration of justice, to ease the burden of litigation on the courts of [Minnesota], and to create a system of small claims arbitration to decrease the expense of and to simplify litigation." Minn. Stat. § 65B.42.

Magistrate Judge Mayeron determined that the Court should make the initial decision on the limitations issue. That is, before the parties proceed to arbitration, the Court will decide which claims, if any, are barred by the relevant limitations period. Alpine argues that Magistrate Judge Mayeron's decision turns the No-Fault Act on its head, ostensibly increasing the costs of this litigation and unduly extending the proceedings. Alpine asks that the Court instead submit the issue of limitations periods to the arbitrator, contending that the Court can later review the arbitrator's decision on this issue if the parties so desire.

It is Alpine's suggested procedure, not the R&R's, that is inefficient, will increase costs, and will extend this litigation. It makes logical sense to have the Court determine this prototypical threshold issue before the arbitrator rules on the substance of whatever
2

underlying underpayment claims remain.  Leaving this decision to the arbitrator would only promote uncertainty and delay the ultimate resolution of the timely filed claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 40); and

2. Plaintiff's Motions to Consolidate Invoices for Arbitration (Docket Nos. 3, 31) are **DENIED**.


Dated: Wednesday, September 1, 2010

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge