UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alpine Glass, Inc.,  Civil No. 09-3492 (PAM/JSM)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Country Mutual Insurance Company,
Inc., Country Preferred Insurance
Company, Country Casualty
Insurance Company, MSC Preferred
Insurance Company, Mutual Service
Casualty Insurance Company,
Modern Service Insurance Company,

Defendants.

---

This matter is before the Court on Plaintiff's Motion for Summary Judgment. At issue is Plaintiff's request for declaratory judgment to consolidate invoices for arbitration. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Alpine Glass Inc., an auto glass provider, and Defendant insurance companies (Country Mutual, Country Preferred, Country Casualty, MSC Preferred, Mutual Service Casualty, and Modern Service), dispute payments made in 482 customer claims. Before delving into the legal discussion surrounding this case, it is helpful to first discuss the relationship between an auto glass provider and an insurance company.

After an auto glass provider repairs a customer's car windshield, the customer assigns to the auto glass provider any claim to collect payment for that repair from the customer's

insurance company. Disputes arise when the insurance company's formula calculates a reimbursement amount that is less than the auto glass provider's calculation (termed "shortpays" in the industry).[1] That is precisely what has occurred in this case. Indeed, Plaintiff alleges that between September 2, 2003, and September 30, 2009, Plaintiff received shortpays from Defendants for repairs performed for 482 customers. Under the insurance policies, the parties are required to settle such disputes through arbitration.

On November 5, 2009, Plaintiff commenced a declaratory judgment action in Minnesota state court to consolidate all disputed claims. Plaintiff alleged that only one insurance company, Country Mutual, underpaid Plaintiff on all 482 claims. Country Mutual removed the action to federal court, after which Plaintiff filed a motion to consolidate all 482 claims for arbitration. Country Mutual opposed consolidation on the grounds that it was not responsible for all 482 claims, and that its insurance policy contained a 24-month limitation clause that barred consolidation of some of the claims.

In response, Plaintiff filed an amended complaint on January 28, 2010, which named the five additional insurance companies as defendants. Plaintiff then brought a renewed

---

[1]Auto glass providers and insurance companies use a publication called National Automobile Glass Specifications ("NAGS") as a starting point when pricing repairs. NAGS provides part numbers, list prices, and standard labor rates for the installation of more than 10,000 pieces of auto glass.
    Both the auto glass providers and the insurance companies use formulas for determining pricing and reimbursement. Disputes commonly arise between the two groups because they often use different factors in their calculations. The dispute is resolved when a fact finder determines whether the auto glass provider's formula results in a reasonable price that falls within the window of the insurance company's obligation to pay.

motion for consolidation of its claims. Defendants again opposed the motion, stating that the 24-month limitation provision in the insurance policies should bar some of the claims, and thus the provision's applicability and effect should be determined before consolidation occurred. Magistrate Judge Mayeron agreed with Defendants, and this Court subsequently affirmed the Magistrate Judge. In light of Plaintiff's subsequent motion for summary judgment, the matter of the 24-month limitation provision's effect on the consolidation of Plaintiff's claims is now ripe for consideration.

**DISCUSSION**

Summary judgment is appropriate where there are no genuine issues of material fact and the case can be decided as a matter of law. Fed. R. Civ. P. 56. The moving party bears the burden of proof and the evidence must be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The Minnesota Supreme Court has required that all disputes on underlying claims such as those at issue in this case be subjected to arbitration pursuant to the No-Fault Act. Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 805 (Minn. 2004); see also Minn. Stat. § 65B.525. Additionally, the court recognized that such claims should be consolidated for arbitration if the trial court believes that doing so would be efficient, that it would avoid the risk of inconsistent results, and that it would not result in prejudice to one or both of the parties. Ill. Farmers. Ins., 683 N.W.2d at 806-07. Both state and federal courts in Minnesota have ordered arbitrations to proceed in a consolidated manner pursuant to these criteria.

Whether the 482 claims at issue should be consolidated for arbitration in this

declaratory judgment action turns on the applicability of the 24-month limitation provision in the relevant insurance policies. The provision is found in Section 4, entitled "Physical Damage Insurance," of the three Country Insurance defendants' ("Country Defendants")[2] policies:

> **8.** **Legal Action Against Us.** No suit or action for recovery of any claim may be brought against **us** until the **insured** has fully complied with all the terms of the policy. Further, any suit or action under Section 4 of this policy must be commenced within 24 months after the occurrence of the **loss**. The 24-month period will be extended by the number of days between the date the proof of loss is filed and the date the claim is denied in whole or in part.

(Ruzek Aff. Ex. A at 16 (emphases in original).)

The crucial line in the provision states that "any suit or action under Section 4 of this policy must be commenced within 24 months after the occurrence of the loss." Both parties define the meaning of "suit" as "'any proceeding by a party or parties against another in a court of law.'" Vaubel Farms, Inc. v. Shelby Farmers Mut., 679 N.W.2d 407, 411 (Minn. Ct. App. 2004) (quoting Black's Law Dictionary 1448 (7th ed. 1999)). In contrast, "action" is accorded a broader definition; namely, any in-court proceeding. Minn. Stat. § 645.45(2); Vaubel Farms, 679 N.W.2d at 411. But see Juetten v. LCA-Vision, Inc., 777 N.W.2d 772, 776 (Minn. Ct. App. 2010) ("The terms 'suit' and 'action' are synonymous and denote a

---

[2]As Defendants' counsel clarified at oral argument, Country has subsumed all named defendants under one corporate heading. Yet only the three named Country Defendants issued policies with the disputed provision in them. Therefore, this discussion will focus primarily on the Country Defendants' policies, which make up 329 of the 482 disputed claims. (Defs.' Opp'n Mem. at 5 (citing Murry Aff. Exs. A & B).)

4

judicial proceeding."). The present declaratory judgment action certainly fits under the definition of "suit" or "action"—as even Plaintiff admits in its Complaint and Memorandum—and thus, unless commenced within 24 months of the loss, is precluded by the limitation provision's language.

Plaintiff argues, however, that because arbitration proceedings themselves are not considered "suits" or "actions" under Minnesota law, see Vaubel Farms, 679 N.W.2d at 411-412, the declaratory judgment action before this Court is not precluded by the 24-month limitation provision. Plaintiff states that the instant action is merely one step in the arbitration process, and thus should be governed under the arbitration provision of Country's insurance policy, not the 24-month limitation provision on "suits" and "actions." Additionally, Plaintiff contends that its claims are "subject solely to the general six-year statute of limitations pr[e]scribed in Minn. Stat. § 541.05 subdiv. 1(1)," id. at 412, because the parties never prescribed a limitation within the policy's arbitration provision.

Plaintiff's contentions fall short. First, the arbitration provision falls under the same section of the policy (Section 4) as the 24-month limitation provision. The limitation provision explicitly states that it is applicable to all of Section 4, and thus must be read in conjunction with every other provision therein—including the arbitration provision. The six-year statute of limitations prescribed in Minn. Stat. § 541.05 is therefore inapplicable. See Har-Mar, Inc. v. Thorsen & Thorshov, Inc., 218 N.W.2d 751, 756 ("Nothing prevents the parties from including in the arbitration clause of their contract time limitations governing demand and refusal. Absent such time limitations in the agreement, our 6-year statute does

5

not begin to run . . . until there is proof of a proper demand and refusal to arbitrate."). The policy must be read to mean that any "suit" or "action" made in conjunction with the arbitration process must be commenced within 24 months of incurring the loss. Because this declaratory judgment action is certainly within the definition of "suit" and "action," the underlying claims that fall outside the 24-month window may not be consolidated.

Second, although this dispute is certainly germane to the arbitration process, it cannot be considered to be subsumed in that process. This is not an action to compel arbitration; indeed, by all indications Defendants appear ready to arbitrate this matter to completion following this Court's decision. Rather, this is an action to consolidate claims pursuant to the criteria laid out by the Minnesota Supreme Court as detailed above. Unlike an action to compel, here, regardless of whether this Court finds for the Plaintiff, arbitration will indeed go forward. Thus, Plaintiff's argument fails on this point.

Yet there is little doubt that, in the case of those claims at issue that are not barred by a 24-month limitation provision, consolidation is appropriate. As noted above, consolidation may be ordered by the district court if it finds that doing so would be efficient, that it would avoid the risk of inconsistent results, and that it would not result in prejudice to one or both of the parties. Ill. Farmers. Ins., 683 N.W.2d at 806-07.

In determining the efficiency of consolidation, courts may look to "a commonality of witnesses or evidence in multiple proceedings, similarity of claims between the parties, or the dependence of multiple claims on a common set of facts." Id. at 807 (citing Exber, Inc. v. Sletten Const. Co., 558 P.2d 517, 524 (Nev. 1976)). It would certainly be more efficient

for the parties and their witnesses if claims were consolidated.  Indeed, the disputed claims in this action are almost identical; as noted above, the crux of these claims lies in determining the proper formula that should be used in calculating payments by the insurance company to the auto glass provider.  Additionally, as Plaintiff points out, the administrative costs of subjecting each claim to separate arbitration proceedings is astounding, and likely exceeds the total amount in controversy.

Consolidation of those claims that lie within the 24-month window would also entirely eliminate the risk of inconsistent judgments.  As Plaintiff notes, subjecting the claims to separate arbitration proceedings increases the risk that a pricing formula will be found reasonable in one case and unreasonable in another.  Finally, neither party would be prejudiced by consolidation because, as mentioned previously, the issues within each claim are nearly identical.  Any subtleties that distinguish one claim from another can be voiced easily by Defendants at a single arbitration proceeding.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 45) is **GRANTED** as to those claims whose policies do not contain the 24-month limitation provision (i.e., those claims involving policies issued by MSC Preferred Insurance Company, Mutual Service Casualty Insurance Company, and Modern Service Insurance Company), or those claims that involve Country Defendants that have accrued on or after January 28, 2008 (24 months before

7

Plaintiff filed its Amended Complaint), and **DENIED** as to those claims that accrued before January 28, 2008, <u>and</u> that involve Country Defendants whose policies contain the 24-month limitation provision; and

2. This matter is assigned to arbitration for final determination.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Thursday, October 28, 2010</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge