UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alpine Glass, Inc.,

Civ. No. 09-3492 (PAM/JSM)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Country Mutual Insurance Company,
MSI Preferred Insurance Company,
Mutual Service Casualty Insurance
Company, Modern Service Insurance
Company, Country Preferred
Insurance Company, and Country
Casualty Insurance Company,

Defendants.

---

This matter is before the Court on Plaintiff Alpine Glass, Inc.'s Motion to Amend the Court's April 23, 2014, Order (Docket No. 89), which confirmed an arbitration award against Alpine Glass. The Eighth Circuit Court of Appeals dismissed Alpine Glass's appeal of that Order for lack of jurisdiction. Alpine Glass, Inc. v. Country Mut. Ins. Co., 792 F.2d 1017 (8th Cir. 2015) ("Alpine Glass II"). Alpine Glass now seeks certification of the Order under Rule 54(b) so that Alpine Glass might convince the appellate court to exercise jurisdiction over the matter.

The April 23, 2014, Order confirmed an arbitration award on a single underpayment claim that Alpine Glass raised against Defendants. (Docket No. 89.) Previously, the Court determined that, of the 482 underpayment claims Alpine Glass originally sought to consolidate for purposes of arbitration, only a portion were amenable to consolidation because the remainder were barred by the statute of limitations in the applicable insurance

policies.  (Oct. 28, 2010, Order (Docket No. 57).)  Alpine Glass appealed the October 2010 Order, but the Eighth Circuit also dismissed that appeal for lack of jurisdiction, finding that because the parties had yet to arbitrate any of their claims, there was no final judgment from which to take an appeal.  Alpine Glass, Inc. v. Country Mut. Ins. Co., 686 F.3d 874 (8th Cir. 2012) ("Alpine Glass I").

Alpine Glass then submitted a "test case" to arbitration—a single claim that the Court had found not amenable to consolidation.  The arbitrator ruled in favor of the insurance company, and Alpine Glass sought to vacate the award in this Court.  When that proved unsuccessful, Alpine Glass sought to confirm the award.  The Court confirmed the award in the April 23, 2014, Order that is at issue here, and entered judgment on that Order on June 19, 2014 (Docket No. 94).

As indicated by the entry of judgment, the April 23, 2014, Order was a final judgment as to the single claim that the parties arbitrated.  The problem, as recognized by the Court of Appeals, is that the Order was not a final judgment as to any of the other 481 claims that remain to be arbitrated, either in a consolidated proceeding or in separate proceedings.

Alpine Glass continues to believe that only the Eighth Circuit can save it from this Court's ruling on the statute of limitations.  There are, of course, other avenues available; Alpine Glass could have pursued arbitration of the consolidated claims and after completion of the arbitration process, pursued additional litigation in this Court and, eventually, in the Eighth Circuit.  Or, as Defendants note, Alpine Glass could have sought certification of the

Court's original Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Alpine Glass

could also have attempted to reach an amicable resolution of the issue with Defendants.

Instead, Alpine Glass relies in its attempt for a third appeal on Rule 54(b), a Rule that

the Court of Appeals cautioned is to be "used sparingly." Alpine Glass II, 792 F.3d at 1020.

Alpine Glass asks the Court to amend its Order to expressly provide that "there is no just

reason for delay" in the entry of judgment, apparently believing that this designation will

suffice to establish appellate jurisdiction.  The Court has serious doubts about the accuracy

of Alpine Glass's belief in this regard.

But whether Rule 54(b) certification will convince the appellate court to exercise

jurisdiction over the parties' dispute, the Court cannot simply provide such a certification

without considering "the equities of the situation and judicial administrative interests,

particularly the interest in preventing piecemeal appeals." McAdams v. McCord, 553 F.3d

924, 928 (8th Cir. 2008).  In particular, the Court must consider factors such as "the

interrelationship of the claims so as to prevent piecemeal appeals," Huggins v. FedEx

Ground Package Sys. Inc., 566 F.3d 771, 774 (8th Cir. 2009), and whether "there is some

danger of hardship or injustice which an immediate appeal would alleviate." Taco John's

of Huron, Inc., v. Bix Produce Co., 569 F.3d 401, 402 (8th Cir. 2009).

In this case, the factors are not as clear-cut as either side argues.  It is certainly true,

as Alpine Glass contends, that there is a single legal issue at stake, one that would resolve

the parties' disagreement as to those claims that were not consolidated.  But it is also true,

as Defendants point out, that the long and tortured history of this litigation may mean that the single arbitrated claim is the only claim Alpine Glass can pursue, because the statute of limitations may have run as to the remaining 481 claims.  Thus, the "danger of hardship or injustice" is either nonexistent or of Alpine Glass's own making.

Ultimately, however, the Court is convinced that the equities of the situation demand allowing Alpine Glass to once again pursue an appeal of the decisions with which it disagrees.  Moreover, refusing such a certification at this point would likely lead to further litigation as to the status of the remaining 481 claims, litigation that can undoubtedly be either spared entirely or substantially curtailed with a Court of Appeals' decision on the statute of limitations issue.  Thus, Rule 54(b) certification will advance "judicial administrative interests," one of the interests the Supreme Court has specifically referenced in its Rule 54(b) jurisprudence.  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Alpine Glass's Motion to Alter/Amend/Correct Judgment (Docket No. 103) is **GRANTED**; and

2.      The Court's April 23, 2014, Order (Docket No. 89) is hereby **AMENDED** to

provide that there is no just reason to delay the entry of judgment pursuant to

Fed. R. Civ. P. 54(b).


Dated:  ___December 16, 2015___

_s/Paul A. Magnuson_
Paul A. Magnuson
United States District Court Judge