UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alpine Glass, Inc.,                                   Civ. No. 09-3492 (PAM)

                 Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Country Mutual Insurance Company,
MSI Preferred Insurance Company,
Mutual Service Casualty Insurance
Company, Modern Service Insurance
Company, Country Preferred
Insurance Company, and Country
Casualty Insurance Company,

                 Defendants.

---

This matter is before the Court on the Eighth Circuit Court of Appeals' remand for a determination as to diversity jurisdiction. (Docket No. 117.)

Under 28 U.S.C. § 1332(a), this Court has jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." This statute requires complete diversity, which exists when "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphases omitted). Citizenship is determined as of the date the lawsuit was filed. Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004). Here, the parties dispute both whether there is complete diversity and whether the amount-in-controversy requirement is met.

There is no dispute as to the citizenship of most of the parties. Plaintiff Alpine Glass, Inc., is a Minnesota corporation and as such is a citizen of Minnesota. (Am.

Compl. (Docket No. 21) ¶ 2.)  See generally Louisville, C. & C.R. Co. v. Letson, 43 U.S. (2 How.) 497, 558 (1844) (determining that corporation is a citizen of the State in which it was created).  Defendants Country Mutual Insurance Company, MSI Preferred Insurance Company, Modern Service Insurance Company, Country Preferred Insurance Company, and Country Casualty Insurance Company are all incorporated in, and are thus citizens of, the state of Illinois.  (Defs.' Mem. (Docket No. 124) at 4.)

The only dispute is as to the citizenship of Defendant Mutual Service Casualty Insurance Company, which the parties refer to as "MSC."  Defendants chronicle the corporate permutations of MSC since 2006, when MSC's stock was purchased by Folksamerica Reinsurance Company, a New York corporation.  But Defendants do not ever tell the Court whether MSC ceased doing business as MSC after that time, and indeed it appears from this case and other federal litigation involving MSC that MSC did not cease doing business, nor did the company de-register with the Minnesota Secretary of State.  Thus, although MSC was owned by another company, MSC itself remained a Minnesota corporation as of the time Alpine Glass brought this lawsuit.  (See Pet. for Removal, Marayonk v. Country Life Ins. Co., No. 2:12cv17 (D. Nev. filed Jan. 5, 2012) ¶ 13 (stating that MSC is incorporated in Minnesota and has its principal place of business in Minnesota).)

Alpine Glass added MSC as a Defendant here in response to Defendants' insistence that MSC was an indispensable party.  As an indispensable party, the Court must consider MSC's citizenship when determining diversity jurisdiction.  Leick v. Schnellpressenfabrik AG Heidelberg, 128 F.R.D. 106, 107 (S.D. Iowa 1989).  Because

MSC is a Minnesota corporation, it is a citizen of Minnesota and there is not complete diversity among all parties to this lawsuit. The Court therefore lacks jurisdiction over this matter.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **REMANDED** to the Minnesota District Court for the Fourth Judicial District, Hennepin County.


Dated: October 4, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge